STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
ARCHIE ALSTON, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 7, 1975—Decided October 21, 1975.

Before Judges MATTHEWS, LORA and MORGAN.

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for appellant (*Mr. Michael A. Noto,* Assistant Prosecutor, of counsel and on the brief).

*Mr. Stanley C. Van Ness,* Public Defender, attorney for respondent (*Mr. Gerald P. Boswell,* Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM. Defendant was charged in a two-count indictment with possession of a controlled dangerous substance (heroin), in contravention of *N. J. S. A.* 24:21-20, and possession with intent to distribute, in contravention of *N. J. S. A.* 24:21-19. He was tried to a jury and found guilty on the possession count and not guilty on the count of possession with intent to distribute. Defendant's motion to suspend further proceedings and to be placed in a supervisory treatment program pursuant to *N. J. S. A.* 24:21-27 was granted by the trial judge. Leave to appeal was granted the State.

The State contends defendant is not eligible for first offender treatment without first admitting his addiction to drugs, the New Jersey Legislature having intended, by the passage of § 27, to rehabilitate first offenders in drug cases rather than incarcerate them only to have them released as addicts who will perpetuate the criminal lifestyle associated

with such addiction. It submits that the legislation is aimed at the treatment of drug addicts since a review of § 27 reveals that placement in a treatment program is a necessary element of any suspension of criminal proceedings and the trial judge must conclude that defendant will benefit from the treatment which is designed to correct "any dependence on or use of controlled substances which he may manifest" and to which treatment defendant must consent to submit.

Preliminarily, we note that defendant consented to urine monitoring by the probation department. Be that as it may, we are of the view the State's contention that admission of addiction is a prerequisite to suspension is without merit. N. J. S. A. 24:21–27(a) applies to possession or use, subject only to N. J. S. A. 24:21–27(c) which makes suspension proceedings unavailable to a defendant whose continued presence in the community or in a civil treatment center or program poses a danger to that community, or to a defendant when the court in its discretion concludes that the terms and conditions of supervisory treatment will not be adequate to protect the public and will not benefit defendant by serving to correct any dependence on or use of controlled substances which he may manifest. Both a user and a possessor are in need of rehabilitative treatment or supervision and both are specifically included within the coverage of the act.

Section 27(a) grants the court the authority to suspend proceedings of a person who has not been previously convicted of any drug-related offense and who is "charged with or convicted of" any such offense. Legislative intent not to condition suspension of proceedings upon an admission of addiction is further demonstrated by that portion of section 27(b) which provides that "Upon violation of a term or condition of supervisory treatment the court may * * * where there has been no plea of guilt or finding of guilt, resume proceedings."

In *State v. Roundtree*, 119 *N. J. Super.* 585 (App. Div. 1972), we held a plea of guilty was not a condition precedent

to suspension of proceedings. It follows that an admission of addiction is not a prerequisite. To otherwise interpret the law would negate one of the prime purposes of the statute — to insure that first offenders who are not drug dependent or addicted are not burdened with a lifetime arrest record.

■ At the time of the commission of the crime defendant was a member of the East Orange Police Department. The State contends that defendant's employment status would make him a threat to the community, contrary to *N. J. S. A.* 24:21–27(c). It argues that upon successful completion of the treatment prescribed by the trial judge defendant will be eligible to have his arrest record expunged under the authority of *N. J. S. A.* 2A:85–15, thereby making him eligible to return to his employment with the East Orange Police Department or any other police department where he would pose a threat to the community and a danger to the public; that if defendant has a drug problem it would surely affect his performance as a police officer. Defendant counters that the State's position on expungement may be voiced when and if such application is made by defendant. We agree.

■ Our review of the record satisfies us that the trial judge did not abuse her discretion in granting suspension and supervisory treatment. In making her determination, the judge appropriately considered the totality of the circumstances, including the details of the offense, the background of defendant and the presentence report. *State v. Green*, 62 *N. J.* 547 (1973); *State v. Pollara*, 130 *N. J. Super.* 119 (App. Div. 1974).

Affirmed.